UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-09523-AH | Date | August 17, 2026 |
| Title | *In Re: Lisa Hines* | | |

| | |
|---|---|
| Present: The Honorable | Anne Hwang, United States District Judge |

| | |
|---|---|
| Yolanda Skipper | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER DISMISSING CASE [JS-6]**

On October 6, 2025, Appellant Lisa Hines ("Appellant") initiated this bankruptcy appeal by filing a Notice of Appeal. Dkt. No. 1. On the same day, Appellant filed an Amended Notice of Appeal and Statement of Election. Dkt. No. 3. On July 10, 2026, the Court ordered Appellant to show cause by August 4, 2026, why this action should not be dismissed. Dkt. No. 18. Appellant filed a response. Resp., Dkt. No. 21.

Appellant argues this appeal should not be dismissed because her delay in filing her notice of appeal and her failure to comply with the Federal Rules of Bankruptcy Procedure resulted from extraordinary circumstances beyond her control, including multiple lockouts and displacement from her residence, spoliation and unavailability of critical records, documented medical conditions that have limited Appellant's physical ability to reconstruct the record and complete filings, and mail and notice problems that delayed receipt of court orders. Resp. at 1–2; *see also* Hines Decl. ¶¶ 2–5, Dkt. No. 21. Federal Rule of Bankruptcy Procedure 8002(d) provides that a "bankruptcy court may, on motion, extend the time to file a notice of appeal if the motion is filed: (A) within the time allowed by this rule; or (B) within 21 days after that time expires if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1). "An extension of time must not

exceed 21 days after the time allowed by this rule, or 14 days after the order granting the motion to extend time is entered–whichever is later." Fed. R. Bank. P. 8002(d)(3). Here, the bankruptcy court has not extended the time to file a notice of appeal. *See In re Mouradick*, 13 F.3d 326 (9th Cir. 1994) (discussing extensions to file bankruptcy appeals). This Court has no jurisdiction over untimely appeals and lacks the authority to decide them. *See In re Souza*, 795 F.2d 855, 857 (9th Cir. 1986). Because the bankruptcy court has not granted a motion to extend time, the Court has no jurisdiction over the appeal of the July order indicated in the notice of appeal. *See* Dkt. No. 1. As for the notice problems raised by Appellant, notice of the Order to Show Cause was delivered to Appellant's address of record in Van Nuys, CA. *See* Dkt. No. 18. The Court has not received returned mail from this address and Appellant's receipt of the Order to Show Cause is evidenced by the timely filing of her response.

Accordingly, this action is hereby **DISMISSED** without prejudice. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**